UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK MARION MACY, a/k/a MARK MARION MAYKOPET,<br><br>    Plaintiff,<br><br>v.<br><br>DAN HOWARD, SEAN LIND, GREG BOWER, BARRY McHUGH,<br><br>    Defendants. | Case No. 1:13-cv-00255-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

  On May 30, 2013, Plaintiff Mark Marion Macy, a prisoner incarcerated in Montana, filed his Complaint in the United States District Court for the District of Montana, which transferred the case to this Court. The Court then reviewed the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. Because the Court "has the authority to exercise its discretion by raising the statute of limitations *sua sponte*," *Herbst v. Cool*, 260 F.3d 1039, 1042 n.3 (9th Cir. 2001), the Court gave Plaintiff an opportunity to explain why his Complaint is not barred by the statute of limitations. (*See* Initial Review Order, Dkt. 15, at 3.) Plaintiff has since filed a brief arguing that he is entitled to equitable tolling of the statute of limitations and to equitable estoppel. (*See* Plaintiff's Brief, Dkt. 17.)

  Plaintiff, the only party appearing in this case, has consented to the jurisdiction of

**MEMORANDUM DECISION AND ORDER - 1**

a United States Magistrate Judge to enter final orders in this case.[1] *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (*See also* Dkt. 11.) Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing Plaintiff's Complaint with prejudice as untimely.

## BACKGROUND

Plaintiff alleges that on February 7, 2011, his car was being pursued by police officers in Idaho. (Compl., Dkt. 2, at 3.) Plaintiff claims that as he turned his car around to try to drive away from the police car, one of the officers drove the police car into the front passenger side of Plaintiff's car. Plaintiff continued to drive away. (*Id*.) He states that "[a]s Plaintiff drove forward and away from the police vehicle the officer unloaded a clip from a .45 caliber pistol into the passengers [sic] side of Plaintiff's vehicle, injuring the Plaintiff and killing his wife in the passengers [sic] seat." (*Id*.)

Plaintiff claims that once he got out of his car, the officers did not help his dying wife but instead "kicked Plaintiff onto his stomach." (*Id*. at 4.) According to Plaintiff, the police also filed false reports about the incident. (*Id*.)

Plaintiff brought this action, under 42 U.S.C. § 1983, against the two police officers and two county prosecutors.

---

[1] *See United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998) (holding that in an in rem civil forfeiture action wherein the plaintiff consented, the magistrate judge had jurisdiction to enter a final judgment over a defaulted person who was technically not a "party" to the litigation); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (reasoning that unserved defendants are not parties).

**MEMORANDUM DECISION AND ORDER - 2**

## DISCUSSION

As the Court explained in its Initial Review Order, Idaho's two-year statue of limitations for personal injury claims applies to Plaintiff's case. *See* Idaho Code § 5-219; *Wilson v. Garcia*, 471 U.S. 261, 278-80 (1985), *superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004).

1.  **Accrual of Plaintiff's Claims**

A claim under § 1983 accrues, and the statute of limitations begins to run, when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Plaintiff's wife died, and Plaintiff himself was injured, on February 7, 2011. Thus, the limitations period for his claims of wrongful death and battery began to run on that date.

Plaintiff argues, however, that the statute of limitations did not begin to run until July 30, 2011, when he learned that the police officers involved in the shooting would not be criminally charged with the death of his wife. (Dkt. 17 at 1.) Plaintiff also claims that he did not discover his own injury—being kicked by one of the officers—until he saw the videotape of the incident in September 2012. He states that with his concern for his wife, he did not realize what had happened to him on the day of the incident. (*Id*. at 2.)

However, under federal law, Plaintiff's claim accrued when he had reason to know of his *injury*. It does not depend on whether the officers were charged with his wife's death or when a particular piece of evidence surfaced. Plaintiff was a witness to the

**MEMORANDUM DECISION AND ORDER - 3**

incident, and therefore would have known immediately that he turned his car turned away from the officers. That police later said he turned into the police car does not affect what Plaintiff saw at the moment the accident happened. Thus, on the day of the incident Plaintiff had all the information needed to file a lawsuit regarding his wife's death.

Further, the important date for Plaintiff's claim of being kicked is not when Plaintiff actually knew of his injury, but when he *should have known* of that injury. *See Kimes*, 84 F.3d at 1128. Plaintiff's concern for his wife at the time of the shooting is certainly understandable, but the Court concludes that Plaintiff nonetheless should have known of his own injury on the date that it occurred.

2.  **Equitable Tolling**

The Complaint in this case was filed on May 30, 2013, several months after the limitations period expired on February 7. However, Plaintiff argues that the statute of limitations should be equitably tolled from the date of the incident until the state's internal investigation of the shooting concluded in July 2011. He claims he believed that "relief could be granted through the administrative process in which by law every police officer that kills another person is subject to criminal charges, if found guilty." (Dkt. 17 at 1.) Plaintiff also argues that he is entitled to tolling because Montana's statute of limitations period for wrongful death claims is three years.

As explained in the Initial Review Order, state tolling provisions apply in this civil rights action unless important federal policy will be undermined. *See Johnson v. Ry.*

**MEMORANDUM DECISION AND ORDER - 4**

*Express Agency, Inc.*, 421 U.S. 454, 464-65 (1975). Because Idaho law does not recognize the theory of equitable tolling, *see Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007), the Court must determine whether, in light of the facts of this case, important federal policy would be undermined if equitable tolling were not applied.

The United States Supreme Court has admonished that federal courts "should not unravel state limitations rules unless their full application would defeat the goals of the federal statute at issue." *Hardin v. Straub*, 490 U.S. 536, 539 (1998). The "chief goals" of § 1983 are "compensation and deterrence," and its "subsidiary goals" are "uniformity and federalism." *Id*. at 539.

Although Idaho's view that equitable tolling does not exist differs from some other jurisdictions, the following protections remain available. Idaho statutorily tolls the limitations period for a person's minority status or insanity. Idaho Code § 5-230. In addition, the theory of equitable estoppel *is* available in Idaho. While it "does not 'extend' a statute of limitation," it works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statue may have already run." *J.R. Simplot Co. v. Chemetics Int'l, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994).

With these protections in place in Idaho, and under the factual circumstances of this case, this Court concludes that Idaho's tolling principles do not defeat the purposes of

**MEMORANDUM DECISION AND ORDER - 5**

§ 1983—compensation, deterrence, uniformity, and federalism. Plaintiff was not required to exhaust his administrative remedies prior to filing suit against the officers because his claims do not relate to prison conditions. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought *with respect to prison conditions* under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") (emphasis added). Rather, he complains of police officers' actions during their apprehension of Plaintiff. Thus, he could have brought his civil rights claims before the state investigated the incident, at any time during the investigation, or at any time in the one-and-a-half years remaining in the limitations period after he learned that the officers would not be criminally charged.

     Finally, Montana's statute of limitations does not excuse the untimely filing because the limitations period for a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the law of the state *where the claim arose*. *Kimes*, 84 F.3d at 1128. A defendant may not be haled into court to defend an expired claim simply because the plaintiff is incarcerated in another state. And though Plaintiff alleges that the Montana prison law library does not contain Idaho legal materials, he does *not* contend that he made any affirmative attempt to obtain such materials from the library or anywhere else. A state prison need not stock its library with the statutory codes of 49 other states on the possibility that one of its inmates will file a civil rights lawsuit in one of those states. Notably, this Court has a prisoner civil rights packet that could have been made available

**MEMORANDUM DECISION AND ORDER - 6**

to Plaintiff had he requested it.

Therefore, because the circumstances of this case do not justify "unravel[ing] [Idaho's] limitations rules," *Hardin*, 490 U.S. at 539, the Court declines to apply equitable tolling to Plaintiff's claims.

### 3.     Equitable Estoppel

In addition to his equitable tolling argument, Plaintiff claims that various governmental officials misrepresented or concealed facts involving the shooting and that he is therefore entitled to the application of equitable estoppel. For equitable estoppel to apply, a defendant must have concealed or misrepresented a material fact such that it would be unfair to allow him to utilize the statute of limitations as a defense. *J.R. Simplot Co.*, 887 P.2d at 1041.

However, Plaintiff's allegations of misconduct are largely conclusory. For example, Plaintiff claims that "reports were withheld" and that "facts were misrepresented and concealed" (Dkt. 17 at 3), but he does not provide any specific allegations to support these statements. Plaintiff does state that the investigative report of the incident was not released to him until September 2012. But Plaintiff has not shown that any Defendant in this case misrepresented or concealed a material fact regarding the incident. Further, Plaintiff learned in July 2011 that the officer who shot his wife had been cleared of wrongdoing, and he does not indicate that any specific item of information in the report he saw in September 2012 revealed a previously and deliberately

**MEMORANDUM DECISION AND ORDER - 7**

concealed fact about the incident.

Plaintiff also accuses a county clerk of lying and concealing information regarding the investigation. (Dkt. 17 at 2.) Plaintiff sent a public records request form to the Kootenai County Court, asking for "anything and everything involving the shooting incident and the death of my wife." (Dkt. 17-1 at 3.) Plaintiff provided a case number that he was "not sure" was correct. (*Id*.) In response, a court clerk asked for more information from Plaintiff because she was "unable to locate a current case" with that number. (*Id*. at 4.) Plaintiff allegedly received another letter from the same clerk on some other date stating that the "record [he] requested is exempt from disclosure" under Idaho public records laws. (Dkt. 17 at 2.) Plaintiff relies on these letters (the latter of which he no longer has) to take the clerk to task for "concealing and mis-representing material facts." (*Id*.) Even if the Court were to conclude—which it does not—that a non-defendant court employee might have purposely and falsely represented a material fact about the investigation, there is nothing to suggest that the Defendant police officers or prosecutors themselves did anything of the sort, or that they were somehow in league with the clerk. Plaintiff's vague allegations of a multi-department cover-up do not support Plaintiff's claim of equitable estoppel.

## CONCLUSION

The death of Plaintiff's wife was tragic. But the statute of limitations serve an important purpose. As the Supreme Court has stated, "[E]ven if one has a just claim it is

**MEMORANDUM DECISION AND ORDER - 8**

unjust not to put the adversary on notice to defend within the period of limitation and . . . the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965) (internal quotation marks omitted). Plaintiff's claims are untimely and must be dismissed.

## ORDER

**IT IS ORDERED** that Plaintiff's civil rights Complaint (Dkt. 2) is DISMISSED with prejudice for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915A(b)(1), because it was not filed within the two-year statute of limitations found in Idaho Code 5-219.



DATED: **October 11, 2013**

_Ronald E. Bush_
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**